UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.   8:00-cr-58-T-23MAP
                                                           8:16-cv-1370-T-23MAP
CARL CAMPOS
_____/

# **O R D E R**

Campos's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges his sentence to imprisonment for twenty-nine years but not his convictions for both possession of a firearm during a crime of violence and interference with commerce by threat or violence. Campos's conviction and sentence comport with the terms of his plea agreement. (Doc. 59 in 00-cr-58) Campos's motion to vacate is time-barred. Also, the motion lacks merit because in the plea agreement Campos waived the right to challenge the calculation of his sentence.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

"[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

## **FACTS**[2]

> On or about November 25, 1998, and February 22, 1999, in the Middle District of Florida, the defendant conspired with co-defendants Anthony Ahedo and Eddie Gomez to rob the Pasadena and Diamond Bank Jewelry Stores. (Gomez only robbed Diamond Bank jewelry store.) On each occasion, the conspirators, along with the defendant, broke into the homes of the jewelry store owners, tied them up and forced them to give the conspirators the keys and alarm code to the stores. On each date, the conspirators, including the defendant, had a firearm in hand and brandished them before the victims.
>
> Leaving the owners tied up in their homes, the conspirators drove to the stores and attempted to enter the stores with the stolen keys and codes. On November 25, 1998, the conspirators were able to enter the Pasadena store and took approximately $150,000 worth of merchandise. This merchandise had traveled by way of interstate commerce and the theft then affected such interstate commere. Regarding the Diamond Bank robbery, the conspirators were unable to enter the store on their own and returned to the owner's home. At gunpoint, the conspirators drove him to the store and forced him to open it for them. Once inside, the conspirators stole the store's jewelry and currency. Prior to the robbery, Diamond Bank's jewelry had been transported in interstate commerce and the theft affected interstate commerce. The conspirators stole approximately

---

[2] This summary of the facts derives from page 14–15 in the plea agreement. (Doc. 59)

>   $500,000 worth of merchandise from the Diamond Bank
>   jewelry store.

## STATUTE OF LIMITATION

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Campos's motion is untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

Campos's conviction became final in 2002 and his one-year limitation expired in 2003. Campos recognizes that his motion to vacate is untimely under Section 2255(f)(1) if the limitation is determined from the date that his conviction became final. Campos asserts entitlement to a new limitation under Section 2255(f)(4), which starts a limitation from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Campos erroneously contends that a modification to his state sentence is a "new fact" under Section 2255(f)(4).

Because Campos was serving a related state sentence when his federal sentence was imposed, the district court ordered that the federal sentence run

concurrently with the state sentence. Campos complains that, in calculating his sentence, the United States Bureau of Prisons ("BOP") is not affording him credit from January 10, 2001, until April 30, 2002 ("the fifteen-month period"), which is when he was in state custody and before he was sentenced in this action. Because the fifteen-month period was before his federal sentence was imposed and because he received credit for that period toward his state sentence, the BOP properly excluded the fifteen-month period from the calculation of his federal imprisonment. 18 U.S.C. § 3585(b).

A month after he was sentenced in this action Campos successfully petitioned the state court to order that the state sentence run concurrently with the federal sentence. This modification in his state sentence is the allegedly "new fact" upon which Campos relies for entitlement to a new limitation. Because it casts doubt on the validity of neither the conviction nor the sentence, the modification of the state sentence is not a "new fact" that warrants a new limitation under Section 2255(f)(4). *See, e.g., Johnson v. United States*, 544 U.S. 295 (2005) (holding that the successful vacating of a state conviction that was used to enhance a federal sentence is a "new fact" under Section 2255(f)(4)), and *Stewart v. United States*, 646 F3d 856 (11th Cir. 2011) (applying *Johnson*). Campos is not entitled to a new limitation under Section 2255(f)(4) because the state conviction was not used to enhance his federal sentence and because, even if it was used for enhancement purposes, the state conviction was not vacated.

Campos contends that, if it had known that the BOP would not credit him for the fifteen-month period, the district court might have afforded him a downward departure under Application Note 3(E), Section 5G1.3(c), United States Sentencing Guidelines. The district court was both aware of its discretion to depart downward under Section 5G1.3(c) and was satisfied that Campos's sentence was not more than necessary under 18 U.S.C. § 3582, in part because Campos had already benefitted greatly under the terms of the plea agreement. Campos and his co-conspirators kidnapped jewelry store owners at gunpoint and, because of the robberies, owed restitution in excess of $800,000. Campos's guideline range was reduced three levels under the terms of the plea agreement and two additional levels under Section 5K1.1. The district court ordered that the federal sentence run concurrently with the state sentence and granted the United States' motion for a ten-year reduction in the second mandatory consecutive sentence based on the use of a firearm. The district court denied a motion for a downward departure under Section 5K2.0. A motion for a downward departure under Section 5G1.3(c) would not have succeeded.

Campos's motion to vacate is untimely and the claim asserted is barred under the terms of the plea agreement. Campos is entitled to no relief.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Campos and close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Campos is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Campos must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and lacks merit, Campos is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Campos must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 21, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE